*JEFFERSON COUNTY—SEPTEMBER TERM, 1817.*

PRESENT—TAPPAN, *President;* M'ELROY, MOORES AND ANDERSON, *Associates.*

## HILL vs. LOWRY.

Recaption, on fresh pursuit, before action brought, is a good bar to an action against the sheriff for a negligent escape.

The sheriff cannot make a deputy, but by warrant under his hand and seal.

If a special bailiff refuse to shew his authority when demanded, the person arrested is not lawfully in custody.

Evidence that the sheriff, in appointing a special bailiff, did not give him sufficient authority to act as such; and that the person, so insufficiently appointed, had it in his power to arrest, but did not, will support an action against the sheriff for not arresting.

Whether the damages should be to the whole amount of the debt, or not, depends upon the degree of neglect in the officer, and whether the plaintiff has lost his debt by such negligence.

ACTION on the case, against the late sheriff of Jefferson county.

The declaration contained three counts: 1st, on a voluntary escape of J. H. Riddle; 2d, for neglecting to serve a *capias ad respondendum* upon Riddle, at the suit of the plaintiff; and 3d, for falsely returning *cepi corpus* to the writ.

WRIGHT, for the plaintiff.

HAMMOND, for the defendant, pleaded, first, in bar to the first count, " that after the arrest of the said J. H. Riddle, on the said 5th day of May 1815, upon the writ of *capias ad respondendum,* in the declaration stated, to wit, on the same 5th day of May, in the year aforesaid, and before the return day of the same writ, the said J. H. Riddle forcibly, and without the knowledge and consent of the said William [Lowry] escaped out of his custody, and thereupon he, the said William, immediately made fresh pursuit after the said J. H. Riddle, until afterwards, to wit, on the 10th day of the same month of May, in the year aforesaid, upon which said 10th day of May, in the year aforesaid, before

JEFFERSON.
September, 1817.

Hill
v.
Lowry.

the return day of the said writ of *capias ad respondendum*, he, the said William, upon such pursuit retook the said J. H. Riddle upon the said writ, and detained him in custody by virtue thereof, until afterwards, to wit, on the 15th day of May in the same year, before the return day of the same writ, upon which last mentioned day the said J. H. Riddle, with M. M. his security, made, executed and delivered to him the said William, a bond, in due form of law, conditioned for the appearance of the said J. H. Riddle, at the return day of the writ, on the 25th day of July then next ensuing, before the court of common pleas of Jefferson county, to answer the said Benjamin Hill in the said action, in the writ stated, and to cause special bail to be entered to the same. Upon the receipt of which bond, the said William Lowry permitted the said J. H. Riddle to go at large, and returned the said recaption, and the taking a bail bond endorsed upon the said writ at the return day thereof, and this," &c.

Second. To the second and third counts—not guilty.

Replication and Issues.

The case was submitted, on the following agreed statement of facts, viz.

"On the 2d of May, Hill sued out a capias vs. James H. Riddle, for a debt of eighty dollars. On the 5th of May, Lowry deputized Thomas Maxwell, by special deputation endorsed on the writ, and subscribed but not sealed. The defendant, Riddle, was arrested on that day, and escaped. The sheriff advertised Riddle, and sent men into Virginia, where they retook him on the 10th of May. The sheriff having endorsed the escape on the 5th, then again endorsed the caption, not stating it to be a recaption, on the 15th, the defendant gave bail for his appearance at the court. The court quashed the return and bail bond, upon the ground that the caption, by Maxwell, was illegal, he not being a legal deputy; and upon the ground, as it is understood, that the recaption was consequently illegal. Riddle was not a man of property, but had money then coming to him in this state, and he has now departed. This case is submitted, by agreement, to the court, to decide upon the liability of the sheriff, and to what amount reserving a right of appeal.

C. HAMMOND, for defendant.
J. C. WRIGHT, for plaintiff.

This cause having been submitted at the last term, the opinion of the court was now delivered by the

PRESIDENT.—In the statement of facts, and the papers accompanying it submitted to the court, there is not sufficient to maintain the first issue on the part of the plaintiff. The statement admits an escape, but whether the escape was voluntary or negligent, does not appear; if it was the latter, recaption on fresh pursuit, before action brought, is a bar. It seems to me, that it would not be a fair and reasonable construction of it, to conclude that a voluntary escape is admitted, but that the escape was a negligent one, the action for which is barred by the matters set forth in the defendant's plea, and the facts agreed.

JEFFERSON.
September, 1817
Hill
v.
Lowry.

On the second count, for not arresting Riddle, it seems that the defendant is liable. The statement of facts, and the sheriff's return on the writ, prove that Riddle was within the county, and might have been taken on the capias. "Sheriff may appoint a special bailiff to execute a writ upon any certain occasion, he is answerable for their acts—one arrested by such bailiff, is in the sheriff's custody," 4th Bac. Ab., 441. Here was an attempt to arrest, an opportunity to arrest, which failed; 1st, because the bailiff was not lawfully authorised; and 2d, because he did not proceed correctly. He was not lawfully authorised to serve the writ. The sheriff cannot make a bailiff, or deputy, but by warrant under his hand and seal. The endorsement on the back of the writ, "*Thomas Maxwell is hereby authorised to serve this writ. Witness my hand, May 5th, 1815. Wm. Lowry, shff.*—is not a legal warrant. But if the appointment of the bailiff had been proper and legal, his proceedings under it, could not be justified; no man is bound to take notice of, or obey, the authority of a special bailiff, until it is shewn to him. On examining the proceeding, in the case of Riddle vs. Lowry and Hill, August term, 1815, it appears that a motion was made for the discharge of Riddle, "because the process of the court had been abused." From the affidavit filed, it appeared, that Maxwell went to Riddle's house, and was in the room with Riddle, that he laid his hand on Riddle's shoulder, and told him that he was a prisoner; Riddle asked him to shew by what authority he arrested him; Maxwell replied that he had sufficient authority, *but refused to shew it.* Riddle then broke away from him. Upon this, the sheriff returned *an escape* and offered a reward for the apprehension of Riddle, who had gone into Virginia. Some men took the sheriff's advertisement, and went into Virginia, took Riddle, bound him and brought him to Steubenville, to the sheriff: the sheriff put him in jail, from

JEFFERSON. September, 1817. which he was released on giving bail for his appearance. The court decided, that the arrest of Riddle was illegal,

Cunningham v. Phillips. and ordered the bail bond to be given up. It appears to me, that the court decided correctly, in adjudging the arrest to be illegal and void, as then it was in the power of the sheriff to arrest Riddle, and he neglected doing it in a legal and proper manner, so as that the plaintiff's debt might be secured. I consider him as liable in damages on the second count.

The amount of damages is discretionary, and should depend on the particular circumstances of the case. If, by the gross neglect of the officer, the plaintiff's remedy against his debtor is gone, he should be fully indemnified. If his remedy is not impaired as against his debtor, or it would not have been certain on account of insolvency, a less sum, in damages, should be given. In this case it seems, that the plaintiff has lost his remedy against Riddle, but Riddle had no real estate, and not much personal properly, and it is doubtful whether a judgment against him could have been collected; beside, the neglect of the officer appears to have been inadvertent; the court, therefore, assess the plaintiff's damages *at seventy dollars.*